Kevin R. McCarthy, VSB No. 14273
McCarthy & White, PLLC
1751 Pinnacle Drive, Suite 1115
McLean, VA 22102
703-770-9261
krm@mccarthywhite.com
Attorneys for Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| TYRONE A. CONARD, | * | Case No. 14-10093-BFK |
| JOYCE L. CONARD, | * | (Chapter 7) |
| Debtor(s). | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MOTION TO APPROVE COMPROMISE

Kevin R. McCarthy, Trustee, pursuant to Fed. R. Bankr. P. 9019, hereby

moves the Court to approve the following compromise set forth in the Trustee's Notice

Of Intention To Compromise filed simultaneously herewith:

The Trustee shall receive 25% of all commissions from American Income Life
Insurance Company (which term shall include any successors, assigns, subsidiaries, or
affiliates) either on deposit on the petition date or received after the petition date, and
received by either Debtor or any business entity in which either Debtor has or had an
ownership interest or management control including Conard Insurance Agency and
Allcare Financial (together, "Conard").  The Trustee has agreed to accept these amounts
in full satisfaction of the bankruptcy estate's interest in all commissions from American
Income Life Insurance Company received by Conard.  Commencing May 15, 2014
Conard shall pay 25% of all commissions from American Income Life Insurance to the
Trustee as and when received from and after May 15, 2014, but with due allowance for
any applicable check clearing periods.  Commencing July 1, 2014 and continuing on the
1st day of each month for eleven consecutive months thereafter, for a total of twelve
months, Conard also shall pay the Trustee .021% of the total of all commissions from
American Income Life Insurance Company either on deposit on the petition date or
received after the petition date through May 14, 2014.  Conard shall provide the Trustee
monthly bank statements or other appropriate documentation evidencing receipt of
commissions from American Income Life Insurance documentation, and shall respond
promptly to any questions or requests for further documentation by the Trustee
concerning such commissions.  In the event of any breach of the foregoing obligations,
Conard shall be liable to the Trustee for all reasonable enforcement or collection costs,

including attorney fees.  Conard's obligations under the compromise shall be enforceable both as a contract and as an Order of the Bankruptcy Court.  Subject to Court approval, the Trustee may sell all of the estate's rights under the compromise.

The Trustee believes the compromise is reasonable.  The Debtor Tyrone Conard currently receives between $16,000 and $17,000 per month in commissions subject to the compromise.  He has asserted that the estate has no interest in the commissions because they are paid under contracts with American Income Life Insurance Company containing the following provision:  "No benefit or right under this contract may be assigned without the consent of the Company."  The Trustee has rejected this assertion based on 11 U.S.C. 541(c)(1) and related case law.  However, Mr. Conard has further asserted that even if the estate has an interest in the commissions the estate's interest is limited to 25% of commissions received because they are for personal services and partially protected under Virginia Code 34-29.  This assertion is not free from doubt because the majority of Mr. Conard's commissions are attributable to his management of other insurance agents who wrote insurance policies, not insurance policies he wrote himself as an agent.  However, in the Trustee's judgment, it is a reasonable assertion, and he has accepted it for purposes of the compromise to avoid the expense and uncertainty of litigation.  The commissions are expected to decline gradually over a 10-15 year period, but the total amount likely to be paid to the estate under the compromise is $100,000 or more.  Given the extended time period, the Trustee probably will attempt to sell the estate's rights under the compromise in order to complete administration of the estate within a reasonable period of time.

Wherefore, the Trustee requests entry of the attached Order Approving Compromise, which has been endorsed by the Debtors and their counsel.

Respectfully submitted,


/s/ Kevin R. McCarthy
Kevin R. McCarthy, VSB 14273
McCarthy & White, PLLC
1751 Pinnacle Drive – Suite 1115
McLean, VA  22102
(703) 770-9261
krm@mccarthywhite.com
Attorneys for Trustee

CERTIFICATE OF SERVICE

    I hereby certify that on the 23rd day of April, 2014 I served a copy of the foregoing, including attached Order Approving Compromise, through the court's ecf system on all registered ecf participants who have appeared in this case.


/s/ Kevin R. McCarthy
Kevin R. McCarthy