Kevin R. McCarthy, VSB No. 14273
McCarthy & White, PLLC
1751 Pinnacle Drive, Suite 1115
McLean, VA 22102
703-770-9261
krm@mccarthywhite.com
Attorneys for Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
In re:                                          \*
                                                \*
TYRONE A. CONARD,                               \*    Case No. 14-10093-KHK
JOYCE L. CONARD,                                \*    (Chapter 7)
          Debtor(s).                            \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MOTION FOR ORDER DIRECTING DEBTOR TO SHOW CAUSE
WHY HE SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR FAILURE TO
OBEY COURT ORDER, AND FOR ORDER AUTHORIZING TRUSTEE TO
COLLECT COMMISSIONS DIRECTLY FROM AMERICAN INCOME LIFE
INSURANCE COMPANY; NOTICE OF HEARING; AND NOTICE OF DEADLINE
TO FILE AND SERVE OBJECTION TO MOTION

A. MOTION.

Pursuant to 11 U.S.C. §§ 521(a)(3)&(4), 541(a), and 704(a)(1) and Federal Rules of Bankruptcy Procedure 4002(a), 9019, and 9020, Kevin R. McCarthy, Trustee respectfully moves the Court to enter the attached Order directing the Debtor Tyrone A. Conard[1] to appear before the Court and show cause why he should not be held in civil contempt for failure to obey the Court's Order Approving Compromise entered on May 28, 2014 ("the Compromise Order") (D.E. 28). The attached Order also would authorize the Trustee to collect commissions covered by the Compromise Order directly from the

---

[1] Although there are two debtors in this case, the Trustee's references to "Debtor" in this motion are to Tyrone A. Conard alone.

American Income Life Insurance Company. As grounds, the Trustee states the following:

On January 8, 2014 the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. Kevin R. McCarthy was appointed Trustee for the bankruptcy estate. Upon learning that the Debtor was receiving insurance commissions from his former employer American Income Life Insurance Company as the result of pre-petition services, the Trustee asserted that the commissions were in part property of the bankruptcy estate and worked out a compromise with the Debtor that were embodied in the Compromise Order.

The Compromise Order provided in relevant part as follows:

"**The Trustee shall receive 25% of all commissions from American Income Life Insurance Company (which term shall include any successors, assigns, subsidiaries, or affiliates) either on deposit on the petition date or received after the petition date, and received by either Debtor or any business entity in which either Debtor has or had an ownership interest or management control including Conard Insurance Agency and Allcare Financial (together, "Conard").** The Trustee has agreed to accept these amounts in full satisfaction of the bankruptcy estate's interest in all commissions from American Income Life Insurance Company received by Conard. Commencing May 15, 2014 Conard shall pay 25% of all commissions from American Income Life Insurance to the Trustee as and when received from and after May 15, 2014, but with due allowance for any applicable check clearing periods. Commencing July 1, 2014 and continuing on the 1st day of each month for eleven consecutive months thereafter, for a total of twelve months, Conard also shall pay the Trustee .021% of the total of all commissions from American Income Life Insurance Company either on deposit on the petition date or received after the petition date through May 14, 2014. Conard shall provide the Trustee monthly bank statements or other appropriate documentation evidencing receipt of commissions from American Income Life Insurance documentation, and shall respond promptly to any questions or requests for further documentation by the Trustee concerning such commissions. In the event of any breach of the foregoing obligations, Conard shall be liable to the Trustee for all reasonable enforcement or collection costs, including attorney fees. **Conard's obligations under the compromise shall be enforceable both as a contract and as an Order of the Bankruptcy Court. Subject to Court approval, the Trustee may sell all of the estate's rights under the compromise.**

**IT IS FURTHER ORDERED, that the Debtors shall perform their**

**obligations under the foregoing compromise.**"  (Emphasis added.)

The Debtor fell out of full compliance with the Compromise Order almost immediately but did pay the Trustee sporadically until June 2016, when he stopped making payments altogether.  A copy of the Trustee's Cash Receipts And Disbursements record is attached as Exhibit A.

The Trustee has contacted the Debtor's attorney on multiple occasions seeking compliance with the Debtor's payment and reporting obligations.  Until recently, the Trustee was under the impression that the Debtor's income had essentially dried up.  At the request of the Debtor's attorney, the Trustee even wrote a letter to the Internal Revenue Service in November 2016 asking it to consider releasing its tax liens to help the Debtor obtain employment.  Exhibit B.

In March of this year, however, the Trustee discovered that the Debtor is still receiving about $10,000 a month in commissions from American Income Life Insurance Company that are covered by the Compromise Order.  The Trustee discovered this information by reviewing a transcript of a deposition of the Debtor taken on February 27, 2017 in his adversary proceeding against the Internal Revenue Service concerning the dischargeability of his federal income tax debt for the years 2004-2009, A.P. No. 16-01121-KHK.  Relevant pages are attached as Exhibit C.  Particularly troublesome is the Debtor's testimony that 25% of that monthly income is going to the Trustee, when in fact the Trustee has received nothing from the Debtor since June 2016.  The receipt of $10,000 a month in commissions covered by the Compromise Order belies any defense of inability to comply with the Compromise Order.

This is a case in which the Internal Revenue Service is likely to be the only creditor that receives a distribution. The Trustee considered not bringing this motion because some of the Debtor's federal tax debt is already non-dischargeable and much more of it will become non-dischargeable if he loses his adversary proceeding against the Internal Revenue Service. However, in addition to making no payments to the Trustee despite the Compromise Order, the Trustee understands from filings in A.P. No. 16-01121-KHK and the Debtor's deposition transcript that the Debtor is making no payments to the Internal Revenue Service either. In these circumstances, the Trustee judges it equitable to bring this motion to hold the Debtor fully accountable for his non-compliance with the Compromise Order. With this motion, the Trustee also seeks authorization to collect commissions directly from American Income Life Insurance Company.

Wherefore, the Trustee requests that the Court enter the attached Order.

**HEARING: A hearing will be held on the Trustee's Motion at 9:30 a.m. on June 6, 2017 in Courtroom II of the U.S. Bankruptcy Court, which is located at 200 S. Washington Street, Alexandria, VA 22314.**
**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the court to grant the relief sought in the Motion, or if you want the court to consider your views on the Motion, then **ON OR BEFORE SEVENTEEN DAYS FROM THE DATE OF THE MAILING OF THIS MOTION** you or your attorney must do the following checked items:

X    File with the court, at the address shown below, a written response with supporting memorandum as required by Local Bankruptcy Rule 9013-1(H). **Unless a written response and supporting memorandum are filed and served by the date specified, the court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the requested relief without further notice or hearing.** If you mail your response to the court for filing, you must mail it early enough so the

court will **receive** it on or before the date stated above.  The address for the court is as follows:

>Clerk of the Court
>United States Bankruptcy Court
>200 South Washington Street
>Alexandria, VA 22314

   X  You must also attend the hearing on the Motion scheduled to be held on June 6, 2017 in Courtroom II of the U.S. Bankruptcy Court, which is located at 200 S. Washington Street, Alexandria, VA 22314.

   If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Date of Mailing:  5/11/17   Respectfully submitted,

            <u>/s/ Kevin R. McCarthy</u>
            Kevin R. McCarthy, VSB No. 14273
            McCarthy & White, PLLC
            1751 Pinnacle Drive – Suite 1115
            McLean, VA  22102
            (703) 770-9261
            krm@mccarthywhite.com
            Attorneys for Trustee

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2017 I served a copy of the foregoing, including proposed Order, through the court's ecf system on all registered ecf participants who have appeared in this case and mailed a copy of the foregoing, including proposed Order, by first class mail, postage prepaid, to the following:

Tyrone A. Conard
15581 Andover Heights Drive
Woodbridge, VA 22193

Robert R. Weed
Law Offices Of Robert Weed
300 Garrisonville Rd., Suite 201
Stafford, VA 22554

American Income Life Insurance Company
Attention: Roger Smith, CEO, AIL Agency Division
1200 Wooded Acres Dr
Waco, Texas, TX 76710

American Income Life Insurance Company
Attention: Steven K. Greer, President, AIL Agency Division
1200 Wooded Acres Dr
Waco, Texas, TX 76710

/s/ Kevin R. McCarthy
Kevin R. McCarthy